# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MARCUS VAUGHTERS**                                          **PLAINTIFF**

**V.**                                            **NO. 3:17-CV-187-DMB-JMV**

**CLARK L. WILSON, JR., and JOHN DOE(S) 1-10**                          **DEFENDANTS**

## ORDER TRANSFERRING CASE

On September 25, 2017, Marcus Vaughters filed a complaint in this Court against Clark L. Wilson and certain fictitious defendants. Doc. #1. Of relevance here, the complaint alleges that Wilson is a citizen of Lauderdale County Mississippi, and that "[t]he incident giving rise to the civil action occurred on September 25, 2014 in Lauderdale County, Mississippi at Defendant Wilson's residence." *Id.* at ¶¶ 2, 7.

On September 26, 2017, Vaughters filed a motion to transfer this case to the Southern District of Mississippi, Northern Division, on the ground that "[t]he filing of the Complaint in the Northern District of Mississippi was merely a clerical mistake." Doc. #3. Vaughters contends that venue in the Northern District is improper because Wilson resides in the Southern District and because the events relevant to the action also occurred in the Southern District. Wilson has not responded to the motion.

28 U.S.C. § 1391(b) provides:

A civil action may be brought in --
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When venue is improper, "[t]he district court … shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Courts typically favor transfer over dismissal." *Clemons v. WPRJ, LLC*, 928 F.Supp.2d 885, 904 (S.D. Tex. 2013).

Upon consideration, the Court concludes that, in light of the undisputed facts, venue in the Northern District of Mississippi is improper and that, in the interest of justice, this case should be transferred to the Southern District of Mississippi. Accordingly, Vaughters' motion to transfer [3] is **GRANTED**. The Clerk of the Court is **DIRECTED** to transfer this case to the Southern District of Mississippi, Northern Division.

**SO ORDERED**, this 20th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**